# United States District Court
# Central District of California

| | |
|---|---|
| EUN JU OH, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONSTAR MORTGAGE, LLC; AZTEC FORECLOSURE CORPORATION; THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR7 W/A/T/A THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, AS TRUSTEE FOR THE HOLDERS OF SAMI II TRUST 2006AR7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR7; COUNTRYWIDE BANK; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case № 2:18-cv-01975-ODW (SKx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AS UNOPPOSED [13]** |

## I. INTRODUCTION & PROCEDURAL HISTORY

On October 24, 2017, Plaintiff Eun Ju Oh filed this action against several defendants, including Countrywide Bank, N.A., in Los Angeles Superior Court. (ECF No. 1-1.) On March 9, 2018, Defendants removed the case to this court. (*Id.*) Plaintiff asserts several claims related to a loan she obtained in conjunction with the purchase of real property.

On June 1, 2018, Countrywide filed and served its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 13.) The Motion was scheduled to be heard on July 2, 2018. (*See id.*) On June 26, 2018, the Court took this matter under submission after finding it suitable for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Pursuant to Local Rules 7-9 and 7-10, Plaintiffs' Opposition was due to be filed on June 11, 2018, and any Reply was due to be filed on June 18, 2018. Plaintiff has not opposed Countrywide's Motion.

## II. PLAINTIFFS' FAILURE TO OPPOSE WARRANTS DISMISSAL

Central District Local Rule 7-12 allows the Court to grant motions as unopposed in the event that a party does not respond. C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document] may be deemed consent to the granting or denial of the motion…."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule). In determining whether to grant an unopposed motion, courts weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always

weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal).

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of Countrywide's Motion to Dismiss, yet failed to oppose it. Further, Plaintiff has not provided any excuse for failing to oppose the motion, or sought an extension. The Court's need to manage its docket favors granting the Countrywide's Motion to Dismiss, as unopposed.

The third factor addresses the potential risk of prejudice to defendants. Here, the risk of prejudice to Countrywide is slight. If, after the Court grants the Motion, Plaintiff does not seek reconsideration or other relief, then Countrywide will have been dismissed. In the event that Plaintiff seeks reconsideration, and the Court grants it, Countrywide may simply refile the motions it already prepared.

As for the availability of less drastic sanctions, Plaintiff's failure to oppose the motion to dismiss demonstrates that Plaintiff is not interested in prosecuting this action against Countrywide. *See Rodriguez v. Nationstar Mortg. LLC*, No. 2:16-CV-5962-ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016) ("Where the Plaintiff does not oppose dismissal, it is unnecessary for the Court to consider less drastic alternatives."); *see also Ghazali*, 46 F.3d at 53. Plaintiff is represented by counsel, and thus cannot claim ignorance of deadlines. Furthermore, on March 13, 2018, the Court issued a minute order advising that "Counsel are STRONGLY encouraged to review the Central District's website for additional information." (ECF No. 4.) The Court intended this admonition to provide fair warning to counsel that they need to be familiar with the Local Rules, which provide the requisite deadlines to oppose motions like the one currently pending before the Court. More than two weeks have passed since the deadline for Plaintiff to oppose the Motion, but Plaintiff still has not sought relief from the Court. While there may be less drastic sanctions available, this factor does not weigh heavily in either direction.

On balance, the *Ghazali* factors weigh in favor of granting Countrywide's Motion to Dismiss as unopposed. Accordingly, the Court **GRANTS** Countrywide's Motion to Dismiss. (ECF No. 13.)

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Countrywide's Motion (ECF No. 13), and **DISMISSES** Plaintiff's claims against Countrywide, **with prejudice**.

**IT IS SO ORDERED.**

July 3, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**